IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AARON OLIVER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **ALLIANCE COLLECTION** | ) |
| **SERVICE, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

Defendant's specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331).

## VENUE

4. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## PARTIES

5. Plaintiff Aaron Oliver (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Alliance Collection Service, Inc., ("Defendant" or "Alliance[2]") is a debt collection business that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

7. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

---

[2] "Defendant" means Alliance directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

8. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

9. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

10. The following "Congressional findings and declaration of purpose" has not been withdrawn, curtailed, or questioned by Congress or any agency with regulatory power over the FDCPA.

11. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**
   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection**

3

**practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTS

12. Alliance is a "debt collector" under the FDCPA as it began collecting on the alleged debt when the debt was allegedly in default.

13. The debt is a consumer debt used for personal or household purposes.

14. Plaintiff is a consumer.

15. Plaintiff does not owe Alliance any money on this debt.

16. Alternatively, even if Plaintiff does owe Alliance any money, it is not the amount claimed.

17. On May 29, 2014 Plaintiff sent a letter to Alliance disputing the debt at issue.

18. On June 2, 2014, Alliance received the dispute letter on the debt.

19. Prior to receiving the dispute letter, Alliance last updated Plaintiff's credit report from Equifax on February 2011.

20. After receiving the dispute letter, Alliance updated Plaintiff's credit reports from Equifax, Experian, and Trans Union in June 2014.

21. Despite the receipt of the dispute letter by Alliance on June 2, 2014, Alliance refused to update Plaintiff's credit reports to show the account as being "disputed" by Plaintiff.

22. The FDCPA, in Section 1692e(8), requires Alliance to mark the Plaintiff's credit report as "disputed" when Alliance knows or should know that it is disputed.

23. Specifically the law states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed.**" [Emphasis added].

24. The FDCPA, in Section 1692e prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt." It then goes on to give examples but states "Without limiting the general application of the foregoing, the following conduct is a violation of this section."

25. Alliance violated the FDCPA Section 1692e(8) by refusing to mark the account as disputed.

26. This also violates Section 1692e.

27. Plaintiff does not owe Alliance any money on this debt.

28. Alternatively, even if Plaintiff does owe Alliance any money, it is not the amount claimed.

29. Section 1692e(2) prohibits "The false representation of the character, amount, or legal status of any debt."

30. Alliance violated Section 1692e(2) by collecting on a debt that is not owed and/or by falsely representing the character, amount or legal status of the debt.

31. Section 1692e(10) makes it illegal for Alliance to use "[A]ny false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

32. Alliance violated Section 1692e(10) in collecting this debt that is not owed (in part or in whole) and by failing to mark the credit report as being disputed.

33. The FDCPA allows for recovery of statutory damages, actual (compensatory) damages which includes mental anguish or emotional distress, attorney fees and costs.

34. Plaintiff has suffered and will continue to suffer damages directly related to the violations of the FDCPA, including damage to Plaintiff's credit worthiness, monetary loss, and emotional distress and/or mental anguish.

35. Plaintiff claims all damages which are recoverable.

36. As a result of Alliance's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Alliance.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

39. Defendant Alliance violated Section 1692e by collecting this debt as alleged in this Complaint.

40. As a result of Defendant Alliance's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Alliance.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt;"

43. Defendant Alliance violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

44. As a result of Defendant Alliance's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Alliance.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Section 1692e(8) states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

47. Defendant Alliance violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

48. As a result of Defendant Alliance's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Alliance.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

51. Defendant Alliance violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

52. As a result of Defendant Alliance's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Alliance.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory, actual, compensatory, and nominal) costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Alliance Collection Service, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104